UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Sylvester Merriweather, # 240382, | C/A No. 2:10-0067-MBS-RSC |
| Plaintiff, | |
| vs. | Report and Recommendation |
| Jon E. Ozmint, of SCDC; Cpt. John Crumley; Lt. Farris, *of Allendale Correction Institution of South Carolina Dept. of Corrections of State South Carolina;* Ms. Smitt, *Case Worker of Barnwell Unit of Allendale;* Mr. Orr, *Investigator of SCDC Internal Affairs Division of South Carolina;* Mrs. Nadine Walker, *in their individual and officials capacities for money damages of injuries,* | |
| Defendants. | |

## *Background of this Case*

The plaintiff is an inmate at the Ridgeland Correctional Institution of the South Carolina Department of Corrections (SCDC). The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that the plaintiff is serving a nine-year sentence for second-degree burglary (non-violent). The plaintiff's projected release date is May 5, 2011, but the plaintiff is eligible for parole on July 22, 2010.

1

This civil rights action arises out of an inmate attack upon the plaintiff by Jordan Cole (# 326233) at the Allendale Correctional Institution. The plaintiff was placed in a cell with inmate Cole on April 30, 2009. The plaintiff contends that Cole, who was in "tans" and in medium custody, should not have been placed with the plaintiff, who was in a pink jumpsuit and had a custody of level of MI2.

The plaintiff's exhibits SCDC officials charged both the plaintiff and inmate Cole with fighting. The plaintiff does not indicate the date of the attack, but the exhibits indicate that a disciplinary hearing relating to the attack was held on October 6, 2009. The plaintiff was subsequently transferred to the Ridgeland Correctional Institution. Also, a search of the South Carolina Department of Corrections website reveals that inmate Cole is currently at the Allendale Correctional Institution. *See also* the plaintiff's exhibit, Entry No. 1-1, at page 2, where the Warden of the Allendale Correctional Institution denied the plaintiff's grievance No. ACI-0879-09 and noted that the plaintiff had been moved to the Ridgeland Correctional Institution: "Therefore, cell mates are sometimes not compatible. You have been transferred to Ridgeland, so this should no longer be an issue for you."

*Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. See *Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per*

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

*curiam)*; and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nonetheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the complaint is subject to summary dismissal unless the plaintiff pays the full three hundred fifty dollar ($350 filing fee). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

This matter is before the court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983. The plaintiff has filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. The plaintiff's motion to proceed *in forma pauperis* should be denied, and the complaint should be dismissed *without prejudice* if he fails to pay the full three hundred fifty dollar ($350) filing fee. The plaintiff is subject to the "three strikes" rule of the Prison

Litigation Reform Act, and he does not allege that he is under imminent danger of serious physical injury.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. Nevertheless, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even if the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

It can be judicially noticed that the plaintiff has filed more than three prior frivolous cases in this court. *See, e.g.*, 28 U.S.C. § 1915(g); and *Green v. Nottingham*, 90 F.3d 415, 417-420 (10th Cir. 1996) (three strikes provision of 28 U.S.C. § 1915(g)

5

can be applied retroactively). The cases in which "strikes" have been entered against the plaintiff are Civil Action No. 8:97-2082-PMD-WMC, Civil Action No. 6:97-2132-PMD-WMC, Civil Action No. 6:97-3149-PMD-WMC, Civil Action No. 6:97-3150-PMD-WMC, and Civil Action No. 6:97-3178-PMD-WMC. *See* Order (Entry No. 89) of March 21, 2000, by the Honorable Patrick Michael Duffy, United States District Judge, in *Willie Merriweather v. Michael Moore, et al.*, Civil Action No. 6:97-2132-PMD-WMC, at pages 7-8 & n. 3.

This court may take judicial notice of Civil Action No. 6:97-2132-PMD-WMC and the other cases in which strikes have been entered. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

It must also be noted that the "three-strikes" rule is a Congressional enactment that applies nationwide, and was not a

judicially-created rule. The Congress, however, has determined that prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973)(*paraphrasing* Job 1:21 (Authorized Version of 1611 ["King James" version]): "When it comes to the jurisdiction of the federal courts, truly to paraphrase the scripture, the Congress giveth and the Congress taketh away."). Even so, this case is not the first instance where new laws have affected plaintiffs. *See also* statutes changing altering statutes of limitations, such as those at issue in the case entitled *In Re TMI* [Three-Mile Island Litigation], 89 F.3d 1106 (3rd Cir. 1996) (upholding amendments to Price-Anderson Act retroactively applying two year limitations period to plaintiffs who filed suit under then-applicable six-year statute of limitations). *Cf. Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283 (9th Cir. 1997) ("Congress giveth and it taketh away."); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993) ("As Congress giveth, Congress taketh away."); and *Mirabal v. GMAC*, 537 F.2d 871 (7th Cir. 1976).[3] The plaintiff, however, is clearly

---

[3]Unrelated portions of the holding in *Mirabal v. GMAC* — whether interest rate increases constituted new transactions and how many recoveries were allowed for separate violations of the Truth in Lending Act — were superannuated by statutory changes made
(continued...)

subject to the Prison Litigation Reform Act (PLRA) because the complaint was filed more than thirteen years after the enactment of the PLRA on April 26, 1996.

The Congress has determined that prisoners subject to the "three strikes" rule have no remedy for actions that do not place them under the imminent danger of serious physical injury. *See Banos v. O'Guin*, 144 F.3d 883 (5th Cir.1998) (to avoid bar under imminent danger exception to "three-strikes" provision, prisoner must be in imminent danger at time he seeks to file suit in district court, rather than at time of the alleged incident that serves as basis for the complaint):

> The district court found that Banos had filed at least four prior actions that had been dismissed as frivolous, that he had not alleged that he was in imminent danger of serious bodily injury and therefore dismissed his complaint pursuant to 28 U.S.C. § 1915(g). The dismissal order does not mention Banos' allegation of "immediate physical injury."
>
> Banos filed a notice of appeal and an application to proceed IFP on appeal. The magistrate judge assessed a partial filing fee and allowed Banos to proceed IFP on appeal.
>
> ANALYSIS
>
> The district court's determination that § 1915(g) bars Banos from proceeding IFP in a

---

(...continued)
to the Truth in Lending Act in 1980. *See* the Truth in Lending Simplification and Reform Act of 1980, 94 U.S.Stat. 168 (1980), which is cited in *Brown v. Marquette Savings and Loan Assn.*, 686 F.2d 608 (7th Cir. 1982), which overruled, in part, *Mirabal v. GMAC*.

civil action seems incongruous with the grant of leave to appeal IFP. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The district court did not err in finding, and Banos does not contest the fact, that he has had at least three dismissals on the basis of frivolousness. *See Banos v. Caldwell*, No. 97-40186 (5th Cir. Aug. 15, 1997) (unpublished); *Banos v. Gail*, No. 97-40466 (5th Cir. Aug. 15, 1997) (unpublished); *Banos v. Brown*, No. 97-40468 (5th Cir. Aug. 15, 1997) (unpublished).

In light of these three "strikes," Banos cannot proceed on appeal IFP unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g); *see Adepegba v. Hammons*, 103 F.3d 383, 388 (1996). This case requires us to determine what showing must be made by a plaintiff who asserts that he should be allowed to proceed IFP because he is in imminent danger of serious physical injury. The plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP. See § 1915(g).

9

The only other circuit that has addressed this issue came to a different conclusion. The Third Circuit, in *Gibbs v. Roman*, 116 F.3d 83 (3rd Cir.1997), held that an inmate filing a complaint pursuant to § 1915(g) must allege imminent danger at the time of the alleged incident that serves as the basis of the complaint rather than at the time the complaint was filed. *Gibbs*, 116 F.3d at 86. We read the statute to require the inquiry concerning the prisoner's danger to be made at the time of the IFP motion.

In revising § 1915, the 104th Congress intended to discourage the filing of frivolous IFP law suits. *See* H.R.REP., No. 104-21, § 202, at 22 (1995). Congress designed the new IFP provision to require every IFP litigant to pay the requisite filing fees in full. 28 U.S.C. § 1915(b). However, IFP status allows an indigent litigant to make periodic partial payments as his ability to pay allows and does not require full payment before the litigation goes forward. Id. If a litigant abuses the IFP privilege, as evidenced by three "strikes" (dismissals for frivolousness), § 1915(g) has the effect of delaying litigation of the merits of a claim until the fee is paid in full. \* \* \* When such a delay threatens "imminent danger of serious physical injury," the litigant will be granted IFP status in spite of his past abuse and allowed to pay out his filing fee obligations. In order to implement this statutory scheme, we must determine if danger exists at the time the plaintiff seeks to file his complaint or notice of appeal IFP. Likewise, the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made.

Applying this standard to Banos, we conclude that he is not entitled to proceed with this appeal IFP. He has not alleged, much less established, that he faced imminent danger of serious physical injury at the time that his notice of appeal was filed. We

>     therefore REVOKE his IFP status and dismiss
>     his appeal. The appeal may be reinstated if
>     Banos pays the appeal fees within thirty days
>     of this dismissal.

*Banos v. O'Guin*, 144 F.3d at 884-885 (footnote omitted from quotation). *See also Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997) (district court may dismiss case *sua sponte* under "three-strikes" provision), *reconsideration denied*, 972 F. Supp. 426 (E.D. Mich. 1997).

In light of the plaintiff's prior "strikes" in the District of South Carolina, the plaintiff cannot proceed *in forma pauperis* with this complaint unless his claims satisfy the exception for imminent physical harm provided by the "three strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3rd Cir. 2001); and *Banos v. O'Guin*, 144 F.3d at 884-885. This complaint does not fit within this exception to proceed *in forma pauperis* as the plaintiff was not in imminent danger of serious physical injury from inmate Cole on January 5, 2010, when he signed the complaint and delivered the pleadings to prison officials for mailing. The assault by inmate Cole had occurred several months earlier. *Banos v. O'Guin*, 144 F.3d at 884-885. Moreover, the plaintiff and inmate Cole are now at different prisons.

To proceed with this case, the plaintiff must pay the full $350 filing fee. If the plaintiff timely pays the full $350 filing fee, his complaint will, then, be subject to review by the

undersigned to determine if service of process should or should not be authorized.

### Recommendation

It is recommended that the plaintiff's motion to proceed *in forma pauperis* (Entry No. 2) be **denied**. It is further recommended that the District Court give the plaintiff twenty-one (21) days from the date the United States District Judge rules on this Report and Recommendation (or a specific date determined by the United States District Judge) to pay the full $350 filing fee, so that this matter can be returned to the undersigned magistrate judge to conduct a review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915A. If the plaintiff fails to pay the full $350 filing fee within the time period set by the United States District Judge, or seek an extension of time to do so, it is further recommended that, by a self-executing judgment or by additional order of this District Court, the complaint be dismissed *without prejudice* and without issuance and service of process. The plaintiff's attention is directed to the Notice on the next page.

January /5, 2010  
Greenville, South Carolina

Robert S. Carr  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).