| | |
|---|---|
| Willie Sylvester Merriweather, #240382 ) | Civil Action No. 2:10-0063-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Jon E. Ozmint, of SCDC; Cpt. John Crumley; ) | |
| Lt. Farris of Allendale Correctional Institution ) | |
| of SCDC; Ms. Smitt, Case Worker of Barnwell ) | |
| Unit of Allendale; Mr. Orr, Investigator of SCDC ) | |
| Internal Affairs Division of South Carolina; ) | |
| Mrs. Nadine Walker, in their individual and ) | |
| official capacities for money damages of injuries, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Willie Sylvester Merriweather ("Plaintiff") is an inmate housed at the Ridgeland Correctional Institution of the South Carolina Department of Corrections ("SCDC").[1] On January 12, 2010, Plaintiff filed his *pro se* complaint and motion to proceed *in forma pauperis* pursuant to 18 U.S.C. § 1915. Entry 1-2. In the complaint, Plaintiff alleges that Defendants were "grossly negligent" in failing to remove him from the prison cell he once shared with inmate Jordan Cole ("Cole"), whom Plaintiff alleges to be a known violent "Renigade" gang member and former boxer with a "drinking wine problem." Id. at 3. Plaintiff alleges that he was assaulted by Cole and later charged with fighting. Id. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The

---

[1] According to the website for the South Carolina Department of Corrections (www.doc.sc.gov), Plaintiff's projected release date is September 5, 2011 and his projected parole date is July 22, 2010.

Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.

On January 19, 2010, the Magistrate Judge issued a Report and Recommendation in which he recommended that Plaintiff's motion to proceed *in forma pauperis* be denied and Plaintiff's complaint be dismissed if Plaintiff fails to pay the three-hundred and fifty dollar ($350) filing fee. Entry 7. The Magistrate Judge's recommendation was based on his determination that Plaintiff has filed more than three prior frivolous cases in the District of South Carolina. Plaintiff filed a motion to amend his complaint on January 28, 2010. Entry 10. Plaintiff filed an objection to the Report and Recommendation on March 10, 2010. Entry 10. On April 5, 2010, Plaintiff filed a motion to hear additional evidence. Entry 18.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

The court has conducted a *de novo* review of the complaint and hereby concurs in the Magistrate Judge's recommendation that Plaintiff's motion to proceed *in forma pauperis* be denied and Plaintiff's complaint be dismissed if Plaintiff fails to pay the three-hundred and fifty dollar ($350)

2

filing fee. A prisoner is prohibited from bringing a civil action under 28 U.S.C. § 1915 if

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A review of the record reveals that strikes were entered against Plaintiff in more than three previous cases filed in the District of South Carolina. See Civil Action No. 8:97-2082-PMD-WMC; Civil Action No. 6:97-3149-PMD-WMC; Civil Action No. 6:97-3150-PMD-WMC; Civil Action No. 6:97-3178-PMD-WMC; Civil Action No. 6:97-2132-PMD-WMC. The Magistrate Judge correctly determined that Plaintiff's complaint does not fit within the "imminent danger" exception under 28 U.S.C. § 1915(g). Plaintiff was not in *imminent* danger of serious physical bodily injury when he filed the complaint because the assault with Cole occurred several months before he filed the complaint, and Plaintiff and Cole have since been moved to separate prisons. Plaintiff concedes that there is no imminent danger in his objection when he states that he "was in imminent danger of serious physical injuries from . . . Jordan Oneal Cole . . . but that danger was in August 14, 2009 and 9-9-09." Entry 15, 1.

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Entry 2) under 28 U.S.C. § 1915 is hereby **denied**. If Plaintiff fails to pay the full **three-hundred and fifty dollar ($350) filing fee** within **twenty-one (21) days** from the date of entry of this order, Plaintiff's complaint will be dismissed. The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS ORDERED.**

s/Margaret B. Seymour
United States District Judge

April 23, 2010
Columbia, South Carolina